UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA BROWN,

                Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION;
U.S. DEPARTMENT OF JUSTICE,

                Defendants.

19-CV-6647 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against the Federal Bureau of Investigation (FBI) and the United States Department of Justice (DOJ), alleging that federal officials violated her constitutional rights in Brooklyn, New York. By order dated July 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action and grants Plaintiff thirty days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action against the FBI and DOJ, asserting that on July 3, 2019, federal officials violated her constitutional rights in Brooklyn, New York. But Plaintiff provides no facts about what occurred; she only attaches a sheet of paper addressed to the attention of Michael J. Kohn in Queens, New York.

## DISCUSSION

### A. Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint fails to comply with Rule 8. It does not contain a short and plain statement showing that Plaintiff is entitled to relief. The complaint contains no facts showing how Defendants were personally involved in violating Plaintiff's constitutional rights.

**B.     Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, such as the FBI and DOJ, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (" Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." ). The Court must dismiss Plaintiff' s claims against the FBI and DOJ as frivolous because any constitutional claims she seeks to assert against these entities are barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (" A complaint will be dismissed as ' frivolous' when ' it is clear that the defendants are immune from suit.' " (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**C.     Claims Under *Bivens***

Because Plaintiff alleges that federal officials violated her constitutional rights, the Court liberally construes the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of his or her constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983]."). But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment

discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14. *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1854-55 (2017). Further, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

Here, although Plaintiff asserts that federal officials violated her constitutional rights, she does not allege any facts suggesting a viable *Bivens* claim. To the extent Plaintiff may be asserting a claim under *Bivens*, the complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO REPLEAD**

The Court dismisses this action for Plaintiff's failure to state a claim on which relief may be granted and suing defendants who are immune from suit. In an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011), the Court grants Plaintiff thirty days' leave to submit an amended complaint that addresses the deficiencies above.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff must show that she is entitled to relief against any defendant she seeks to sue. If Plaintiff seeks a remedy for the alleged violation of her constitutional rights under *Bivens*, she must name as defendant(s) the individual(s) who violated her rights and allege facts suggesting that her claims fall within the parameters outlined in *Ziglar*, 137 S. Ct. at 1854-55 – unreasonable search and seizure under the Fourth Amendment, employment discrimination under the Fifth Amendment, or inadequate medical treatment of an inmate under the Eighth Amendment. The Court advises Plaintiff that if all of the events giving rise to her claims occurred in Brooklyn, New York, the United States

4

District Court for the Eastern District of New York may be the proper venue for her claims. *See* 28 U.S.C. § 1391(b)(1), (2).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Court grants Plaintiff thirty days' leave to file an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 24, 2019
       New York, New York

                                                                       *Louis L. Stanton*
                                                                         Louis L. Stanton
                                                                            U.S.D.J.